UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br>Plaintiff,<br>v.<br>CALIFORNIA ATTORNEY GENERAL,<br>Defendant. | Case No. 17-cv-00836-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Gary Dale Barger, aka Sonny Barger, aka Gary Francis Fisher, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

Barger was ordered to show cause why the action should not be dismissed under section 1915(g), which provides that a prisoner may not bring a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Dkt. No. 5.) The order identified six prior federal court actions ("strikes") that appeared to count under section 1915(g); noted that Barger had been designated a three-strikes litigant

in the National Three-Strikes Database; and informed him he could avoid dismissal by paying the filing fee by the deadline.

In response, Barger sent the Court two filings. (Dkt. Nos. 6 and 7.) He makes conclusory allegations that the federal actions cited by the Court do not qualify as strikes for purposes of § 1915(g). Such insubstantial allegations fail to show that any of the strikes listed in the prior order is invalid.[1]

He also alleges that he was under imminent danger of serious physical injury at the time of filing, which therefore qualifies him for the exception under section 1915(g).

The plaintiff has the burden of proving that he satisfies this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis).

The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger -- the standard adopted by the Eighth Circuit -- is the most sensible way to interpret the imminency requirement." *Andrews*, 493 F.3d at 1056

---

[1] Barger also alleges that section 1915(g) is unconstitutional, though he concedes that the case law does not support his assertion. (Dkt. No. 7 at 5.)

2

(internal quotation marks omitted).

Here, the question is whether Barger was in imminent danger on January 10, 2017, when he signed his complaint. The allegations fail to show that he was. In his complaint, plaintiff alleges that on October 27, 2013, there was "an attempt on his life." (Dkt. No. 7 at 7.) Because this alleged event occurred in 2013, four years before Barger filed suit in 2017, it cannot show that Barger was in imminent danger at the time of filing.

The remainder of his allegations regarding the imminent danger exception are also insufficient. According to his filings, he is confined to a wheelchair and suffers from various ailments. These allegations of general and long-standing bad health do not show he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception). In a prior action, this Court has found such allegations insufficient. (*Barger v. Muller*, No. 3:16-cv-05990-WHO.)

In sum, Barger has not shown any reason that the restrictions of section 1915(g) should not be imposed. He failed to pay the filing fee; show that any of the strikes do not qualify under section 1915(g); show he qualifies for the imminent danger exception; and otherwise show cause why this action should not be dismissed.

Accordingly, Barger's IFP application (Dkt. No. 4) is DENIED. This civil rights action is DISMISSED without prejudice to Barger bringing his claims in a new paid complaint.

The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** July 10, 2017

WILLIAM H. ORRICK
United States District Judge